UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ANTHONY WILLIAMS,<br><br>Defendant. | CR 18-40134<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION |

Michael Anthony Williams ("Williams") filed a pro se motion for reconsideration of the Order denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 54.) The government opposes the motion for reconsideration. (Doc. 55.) For the following reasons the motion is denied.

### BACKGROUND

On May 8, 2019, Williams pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) and 846. On August 8, 2019, Judge Karen Schreier sentenced Williams to 188 months' imprisonment followed by five years' supervised release. (Doc. 43.) His sentence was later reduced to 94 months in custody. (Doc. 48.)

On March 7, 2022, Williams filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 49.) On June 21, 2022, Judge Schreier issued an Order denying the motion. (Doc. 53.) Williams then filed this motion for reconsideration and supplemental documents. (Doc. 54.) He argues that he suffers from sciatica, obesity, heart problems, and mental health issues that, in combination, are extraordinary and compelling reasons that warrant his release. Though Williams mentions he should be released in order to care for his spouse, he did not supply any documentation of his spouse's claimed ailments. Finally, Williams argues that he received ineffective assistance of counsel when it came to the drug amounts that were attributed to him for sentencing purposes.

Williams is incarcerated at FCI Forrest City Medium, which reports 1 confirmed case of COVID-19 among inmates, and 1 case among staff. *See* Federal Bureau of Prisons, *COVID-19*

*Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html (last reviewed October 23, 2023). His projected release date is October 2, 2025. Williams is 39 years old.

This Court's Standing Order 20-06, captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(1)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). Under the Order, the Federal Public Defender for the Districts of North and South Dakota ("FPD") was automatically "appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." (*Id.* at ¶ 1.) The standing order required the FPD and the United States Attorney "to place [the defendant] into one of four categories."[1] (*Id.* at ¶ 4.) Williams's compassionate release motion was categorized as "Low Priority." (Doc. 50.) The FPD gave notice of its intent not to submit supplemental briefing on behalf of Williams.

## DISCUSSION

Title 18, § 3582(c)(1)(A)(i), known as the "compassionate release provision" of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to passage of the First Step Act, compassionate release requests came to the Court "upon motion of the Director of the Bureau of Prisons." *United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020). Now, a defendant may bring his or her own motion with the Court if administrative remedies have been exhausted. *Id.* at 744.

---

[1]   Standing Order 23-02 revised the procedure for compassionate release motions. The new standing order does not require the FPD and the U.S. Attorney to categorize the motion.

[2] 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply because Williams is 39 years old. He would need to be at least 70 years old to qualify for compassionate release consideration under Section (ii).

## I. Administrative Exhaustion

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier.*" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Williams submitted an administrative request to the warden at FCI Forrest City Medium for compassionate release on January 22, 2022. (Doc. 49-1.) The United States did not challenge administrative exhaustion in this case because, it argued, Williams has failed to demonstrate extraordinary and compelling reasons for his release.[3] (Doc. 52, p. 2.)

## II. Extraordinary and Compelling Reasons

To be eligible for compassionate release, a prisoner must show that "extraordinary and compelling reasons" warrant such a reduction in sentence and that the reduction is "consistent with applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A). District courts in the Eighth Circuit have broad discretion when deciding whether to grant relief under § 3582(c)(1)(A). *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (stating the passage of the First Step Act in 2018 did not change the discretion afforded the district court); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (noting the district court's "broad discretion" when considering compassionate release motions).

Williams bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant his release from prison. *United States v. Ocanas*, 516 F. Supp. 3d 936, 939 (D. Minn. 2021) ("As the movant, [t]he burden rests with the defendant to show that [he] is entitled to a sentence reduction.") (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)); *see also United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."). As

---

[3] The Eighth Circuit has held that exhaustion under § 3582(c)(1)(A) "is a mandatory claim-processing rule" that must be enforced if the opposing party properly raises it. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). *See also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curium) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather is "a claim processing rule that may be waived or forfeited by the government").

explained in detail in Judge Schreier's Order denying the motion for compassionate release, Williams failed to meet his burden. This Court concurs with Judge Schreier's thorough analysis and incorporates it herein by this reference. There has been no showing that an error was made, and there has been no change in the law or facts.

Williams's motion for reconsideration largely repeats the same arguments regarding his medical history and family circumstances that Judge Schreier previously rejected as extraordinary and compelling reasons for release. (Doc. 53.) His disagreement with the Court's application of the law is insufficient to support a motion for reconsideration.

The medical records submitted by Williams with his motion for reconsideration show that, after his motion for compassionate release was denied, Williams requested and received two appointments with a BOP mental health clinician in July and August of 2022. (Doc. 54-1, pp. 20-21.) During both visits mental status exams were conducted and supportive therapy was provided. No follow up was deemed necessary. It was noted that Williams was "aware of how to contact psychology in the future should he require additional assistance." (*Id.*) In addition, Williams stated in his motion for reconsideration that he recently had an EKG and was told after the test that there was "nothing wrong with him." (Doc. 54, p. 5.) (The Court could not locate the EKG report in the records provided by Williams, but the Court appreciates his honesty in reporting that an EKG was performed.) In summary, the records indicate that Williams continues to receive appropriate care by the BOP and that his conditions can be managed in prison.

Williams also reported that his spouse has started a candle business. (Doc. 54-1, p. 69.) His spouse's new business venture, in addition to the absence of documentation that his spouse is incapacitated, undercuts Williams's argument that he should be released to care for his spouse.

Because Williams has not provided any additional evidence to demonstrate that his medical condition or his family situation constitute extraordinary or compelling reasons for compassionate release, a sentence reduction is not warranted under § 3582(c)(1)(A).

Finally, the Court rejects Williams's claims of ineffective assistance of counsel as improperly raised in a motion for compassionate release. Such claims should have been brought in a motion filed pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (holding that a federal prisoner "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead") (citing *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021)).

### III. Statutory Sentencing Factors

Even if Williams had provided evidence that extraordinary and compelling reasons existed for compassionate release, the Court finds that immediate release is not warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). The Court must weigh factors including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to afford adequate deterrence and to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2). The statutory sentencing factors also direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

The Court concludes that granting relief to Williams would not comport with the factors enumerated in Section 3553(a). His instant offense involved a large-scale conspiracy to distribute methamphetamine.[4] In addition, Williams was sentenced to the bottom of the 188 to 235 month guideline range, and his sentence was later reduced to 94 months. The Court concludes that a reduced sentence would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

### CONCLUSION

The Court finds that extraordinary and compelling circumstances do not exist. Accordingly,

**IT IS ORDERED** that defendant Michael Williams's motion for reconsideration of the Order denying his motion for compassionate release is denied. (Doc. 54.)

---

[4] The Presentence Investigation Report demonstrates that when Williams was 21 years old, he used a semi-automatic handgun to commit robbery. He was sentenced to eight years in custody and was released in 2013. Williams's involvement in the instant offense began two years later in 2015 and continued until his arrest on November 26, 2018.

Dated this 25th day of October, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

6